UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
TYRONE FELDER,                                    :
                Petitioner,                     :    **MEMORANDUM OPINION**
                                                          :    **AND ORDER**
v.                                                         :
                                                          :    22 CV 9926 (VB)
UNITED STATES OF AMERICA,          :    S3 14 CR 604-2 (VB)
                Respondent.                  :
--------------------------------------------------------x

Briccetti, J.:

      Petitioner Tyrone Felder, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He claims (i) his trial attorneys were constitutionally ineffective for failing to communicate a plea offer to him prior to the start of trial, in violation of the Sixth Amendment, and (ii) his cellphone was unlawfully seized and searched, in violation of the Fourth Amendment.

      For the reasons set forth below, the motion is DENIED and the petition is DISMISSED.

## BACKGROUND

      Felder is one of four men who in August 2014 participated in the carjackings of two livery cabs, with the intention of using the stolen cars to commit armed robberies. On each occasion, Felder shot and killed the driver of the livery cab. On the first occasion, Felder also participated in the gunpoint robberies of a convenience store and a Dunkin' Donuts store.

      Felder was charged with two counts of carjacking resulting in death, in violation of 18 U.S.C. §§ 2119 and 2 (Counts One and Seven); two counts of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2 (Counts Two and Eight); two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Counts Three and Five); two counts of aiding and abetting the brandishing of a

1

firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2 (Counts Four and Six); and one count of conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951 (Count Eleven).

On September 6, 2018, after a seven-day jury trial, Felder was convicted on all counts. On April 3, 2019, Felder was sentenced principally to a term of imprisonment of life plus 34 years. He filed a direct appeal on a number of grounds, none of which included the arguments he now makes. The Second Circuit affirmed Felder's conviction and sentence, and the Supreme Court denied his petition for a writ of certiorari. Thereafter, Felder filed the instant Section 2255 motion.

The facts relevant to the Felder's two claims are as follows.

<u>Plea offer claim</u>. Prior to jury selection on the first day of trial (August 27, 2018, a Monday), the Court permitted the government to place on the record the fact and terms of a written plea offer it made to Felder on August 24, 2018, the Friday before. Felder and all three of his attorneys were present. (8/27/2018 Tr. 2) ("Mr. Patel: Morning, your Honor. Andrew Patel, David Ruhnke, Ben Silverman, and Mr. Felder, we're all here.") The government first explained that it had preliminary discussions with defense counsel approximately six weeks earlier about a guilty plea to both carjacking counts, which would have resulted in a statutory maximum of life in prison but no mandatory minimum. According to the prosecutor: "Our understanding was these offers were conveyed to defendant. There was sufficiently little interest and no formal offer was extended." (8/27/2018 Tr. 35).

The prosecutor then described the terms of the August 24 plea offer: "After a request to the defense on Friday, we extended a different offer, which would have involved both those counts and a single 924(c) count, therefore, a 25-year consecutive sentence on top of all the other

issues here."  (8/27/2018 Tr. 35).  In response to a question from the Court, the prosecutor explained that the Section 924(c) count carried a consecutive 25-year mandatory minimum sentence because Felder had previously been convicted in another case of a separate Section 924(c) violation.  The prosecutor continued:  "We conveyed that offer in writing and our understanding is that yesterday the defendant declined."  (8/27/2018 Tr. 35).

The Court then asked defense counsel whether there was anything about the government's proffer that was incorrect.  In response, Mr. Patel stated:  "No, your Honor.  We don't dispute what the government just said.  Their proffer is correct."  (8/27/2018 Tr. 35-36).  Felder, who was present during the colloquy and for the rest of the trial, did not say otherwise.  The first time he claimed ignorance of this plea offer was when he filed the instant motion more than four years later.

<u>Search and seizure claim</u>.  As reflected in a search warrant application and court-authorized search warrant submitted by the government in connection with this motion, Felder's cellphone was seized from his person at the time of his arrest and thereafter searched pursuant to the search warrant.  The warrant application and resulting warrant were produced to Felder on October 24, 2014, as part of Rule 16 discovery.  (Docs. ##304, 317, in case no. 14-cr-604).  Although he filed pretrial motions, including a motion to suppress certain evidence (Docs. ##85, 116, in case no. 14-cr-604), Felder did not challenge the lawfulness of the search and seizure of his cellphone either before or during trial.  Nor did he raise this issue on appeal.

## DISCUSSION

Neither of Felder's claims has merit.

As to the claim that his trial attorneys were constitutionally ineffective for failing to communicate a plea offer to him prior to the start of trial, in violation of the Sixth Amendment,

3

in order to prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Felder must (i) demonstrate his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove actual prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome." Id. at 693. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

An attorney's failure to communicate a plea offer to his client may constitute constitutionally deficient performance and thus satisfy the first prong of Strickland. See Pham v. United States, 317 F.3d 178, 183 (2d Cir. 2003). As to the second prong—actual prejudice—a defendant must show a reasonable probability that, but for counsel's failure, he would have accepted the plea offer, the offer would not have been withdrawn in light of intervening circumstances, the Court would have accepted the plea, and the conviction and sentence, or both, would have been less severe than the judgment imposed. See Lafler v. Cooper, 566 U.S. 156, 164 (2012). Objective evidence, beyond a defendant's self-serving, post-conviction statement that he would have so pleaded, is required. See United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998).

Felder's claim that the August 24, 2018, plea offer was not communicated to him is meritless. As described above, the trial record conclusively demonstrates the offer was communicated to him and he rejected it. Felder's argument to the contrary boils down to an assertion that his lawyer lied to the Court.

The Court rejects that assertion.  First, the attorney who made the representation, Andrew G. Patel, Esq., is well-known to the Court as a highly experienced and ethical criminal defense lawyer and longtime member of this Court's Criminal Justice Act panel.  For the four years the case was pending prior to the commencement of trial, Mr. Patel had diligently and professionally represented Felder.  Moreover, two other defense lawyers were present at the time of the government's proffer and Mr. Patel's response thereto, and neither one said Mr. Patel's representation was false.  The obvious reason they did not say the representation was false is that it was true—the government made the plea offer and Felder rejected it.

In addition, Felder said nothing at the time to suggest he was unaware of the terms of the plea offer or had not rejected it.  Nor did he speak up at any other time during the trial or thereafter.  Again, the reason he did not do so is obvious—the government made the plea offer and Felder rejected it.

In his reply to the government's opposition to the Section 2255 motion, Felder appears to argue that a plea offer containing a 25-year mandatory minimum sentence for a violation of Section 924(c) could not have been communicated to him because that statute carries, at most, only a 10-year mandatory minimum, not a 25-year mandatory minimum.  Felder refers to the First Step Act of 2018 ("FSA"), which eliminated the so-called "stacking" provision of Section 924(c).  Prior to the FSA, a second Section 924(c) conviction either arising out of the same incident or otherwise not final carried a 25-year mandatory minimum.  The FSA amended the statute such that the 25-year mandatory minimum now applies only after a prior Section 924(c) conviction has become final.  See Pub. L. 115-391, Title IV, § 403(a), Dec. 21, 2018, 132 Stat. 5221-22 ("Section 924(c)(1)(C) . . . is amended, in the matter preceding clause (i), by striking

'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final.'")

The fallacy in Felder's argument is that the FSA was not enacted into law until December 21, 2018, several months after the August 24, 2018, plea offer had been made. In other words, at the time the plea offer was made, a second Section 924(c) conviction did carry a 25-year mandatory minimum, even if the prior Section 924(c) conviction was not final—as was the case with Felder since his prior Section 924(c) conviction had not yet become final.[1]

Felder also argues in his reply that when Mr. Patel "misrepresented" (according to Felder) that the August 24 plea offer had been made and rejected, Mr. Patel's judgment may have been "clouded" by his "confusion" as to exactly which cooperating witnesses would testify at the trial. The Court rejects this argument because, as noted above, Mr. Patel did not, in fact, make a misrepresentation to the Court about the plea offer, and nothing in the record suggests his judgment was clouded by confusion or anything else.

In short, Felder has not demonstrated his attorney's performance fell below an "objective standard of reasonableness." Strickland v. Washington, 466 U.S. at 688.

Likewise, Felder has failed to demonstrate actual prejudice. See Strickland v. Washington, 466 U.S. at 693-94. Even assuming Mr. Patel lied to the Court about the plea offer and Felder's rejection of it, since Felder was in fact aware of the offer at least as of the time the government described its terms on the record, and yet never expressed an interest in the offer at the time or over the next four years, it is plain he would not have accepted the offer—contrary to

---

[1] The Court notes that, at sentencing in April 2019, Felder did get the benefit of the FSA's amendment to Section 924(c), because that amendment was made applicable to pending cases, like Felder's. See Pub. L. 115-391, Title IV, § 403(b), Dec. 21, 2018, 132 Stat. 5222. But that does not change the fact that the FSA was not the law at the time the plea offer was made.

the self-serving, post-conviction, assertion he now makes.  Accordingly, even if he could show he was unaware of the plea offer before the first day of trial, he cannot show prejudice.

Felder's Sixth Amendment ineffective assistance of counsel claim is therefore rejected.

Next, Felder's Fourth Amendment claim—that his cellphone was unlawfully seized and searched—is procedurally defaulted, not cognizable under Section 2255, and in any event, meritless.

Felder did not raise this claim on direct appeal, which means it is procedurally defaulted unless he can show cause for his failure to do so and prejudice resulting therefrom.  See Campino v. United States, 968 F.2d 187, 189-91 (2d Cir. 1992).   The Court assumes, solely for purposes of this motion, that Felder has shown cause based on a letter he attaches to his reply in which one of his attorneys appears to advise him such a claim would have to be raised in a Section 2255 motion.  (Doc. #11 at ECF 12, in case no. 22-cv-9926).[2]  But because, as discussed below, the claim is plainly meritless, Felder cannot show prejudice from this failure.  Thus, the claim is procedurally defaulted.

Moreover, Fourth Amendment claims cannot be raised in a Section 2255 motion, except when the petitioner lacked a full and fair opportunity to litigate such a claim at trial and on direct appeal.  See United States v. Lor, 706 F.3d 1252, 1257 (10th Cir. 2013); Ray v. United States, 721 F.3d 758, 762 (6th Cir. 2013); Dodakian v. United States, 2015 WL 11144511, at *9 (S.D.N.Y. Aug. 14, 2015), report and recommendation adopted, 2016 WL 3866581 (S.D.N.Y. July 12, 2016); Camacho v. United States, 204 F. Supp. 2d 667, 670 (S.D.N.Y. 2002).  Certainly, here, Felder had a full and fair opportunity to challenge the search and seizure of his cellphone.

---

[2]   The letter, which was written after the Second Circuit affirmed Felder's conviction, acknowledges that no motion to suppress the cellphone was ever made, which would explain why the issue was not raised on direct appeal.

Indeed, he filed two rounds of pretrial motions, including one that sought to suppress other evidence in the case. (Docs. ## 85, 116, in case no. 14-cr-604). He did not move to suppress evidence obtained from his cellphone, presumably because, as set forth below, such a motion would have been meritless.

Finally, even if Felder's Fourth Amendment claim is cognizable on the instant motion, it is plainly without merit. His cellphone was lawfully seized incident to his lawful arrest. See United States v. Robinson, 414 U.S. 218, 224 (1973). Indeed, Felder concedes his cellphone was in his possession at the time of his arrest. (Doc. #11 at ECF 10, in case no. 22-cv-9926). Thereafter, the cellphone was searched pursuant to a court-authorized search warrant. The search warrant application and resulting warrant were produced to Felder's attorneys in October 2014 as part of Rule 16 discovery, and as noted above, Felder never sought to suppress the evidence obtained from his cellphone.[3]

Felder's Fourth Amendment search and seizure claim is therefore rejected.

Under these circumstances, there is no reason to hold any further hearing as to either of Felder's claims. In light of this Court's intimate familiarity with the underlying criminal proceedings, the fact that Felder's assertions regarding the plea offer are contradicted by the trial transcript, and the fact that both claims are so plainly without merit, no purpose would be served by expanding the record. See Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011); Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001).

---

[3] Even if there was some defect with the search warrant, a motion to suppress would have failed pursuant to the good faith exception to the exclusionary rule, articulated in United States v. Leon, 468 U.S. 897, 920-22 (1984). The search warrant was issued by a magistrate judge, and there is no reason to believe law enforcement agents did not act in good faith in relying thereon.

## CONCLUSION

Petitioner Tyrone Felder's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close case no. 22-cv-9926.

Chambers will mail a copy of this Memorandum Opinion and Order to petitioner at the following address:

Tyrone Felder, Reg. No. 71371-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

Dated: July 21, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge